**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ABBAS CAKA,<br><br>                                        Petitioner,<br><br>      v.<br><br>Secretary of the Department of Homeland Security; et al.,<br><br>                                        Respondents. | Case No.:  26cv1724 DMS BJW<br><br>**ORDER GRANTING PETITION; DENYING MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER AS MOOT** |

Before the Court are Petitioner's Petition for Writ of Habeas Corpus, (Pet., ECF No. 1), and Motion for Emergency Temporary Restraining Order ("TRO Motion"), (ECF No. 6).  Respondents filed a return, (Return, ECF No. 4), and Petitioner filed a reply, (ECF No. 5).  For the following reasons, the Court grants the Petition and denies the TRO Motion.

## I.      BACKGROUND

Petitioner, a Turkish citizen, entered the United States without inspection on or about November 15, 2024.  (Pet. 8.)  The next day, a United States Border Patrol agent encountered and arrested Petitioner, before transporting him to the San Diego Central Processing Center.  (*Id.*)  The United States Citizenship and Immigration Services ("USCIS") initiated expedited removal proceedings.  (*See id.* at 9.)  However, after a USCIS supervisory asylum officer determined, on December 12, 2024, that Petitioner had

26cv1724 DMS BJW

a credible fear of persecution or torture, USCIS vacated the expedited removal order and placed Petitioner in standard removal proceedings. (*Id.* at 8–9.) Petitioner was charged as inadmissible and, on January 13, 2025, released from custody on parole. (*Id.* at 9.) On February 18, 2025, Petitioner timely applied for asylum and withholding of removal. (*Id.*) His application remains pending; no final order of removal has been entered. (*Id.*)

Petitioner has complied with all the requirements of supervised release, including wearing an ankle monitor, enrolling in the Alternatives to Detention supervision program, and completing check-in appointments with Immigration and Customs Enforcement ("ICE") officers. (*Id.* at 9–10.) However, on January 30, 2026, Petitioner was arrested upon appearing at his last check-in appointment. (*Id.* at 10.) He was arrested without a notice or a hearing. (*Id.* at 11.) He also has no criminal history, and there exists no change in circumstances since he was paroled. (*Id.*)

Following his re-detention, Petitioner requested a bond redetermination. (*Id.*) However, the immigration judge denied Petitioner's motion for a bond hearing on the basis that the Immigration Court did not have jurisdiction to set bond. (*Id.* at 12.) To this day, Petitioner has not received notice of the reasons for revoking his parole, an individualized assessment of flight risk or dangerousness, or a hearing. (*Id.*) He remains detained at the Otay Mesa Detention Center. (*Id.* at 4.)

## II.   LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A petitioner prevails in her petition for writ of habeas corpus if he shows that his custody violates the Constitution or laws of the United States. *Id.* § 2241(c)(3). The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

## III.   DISCUSSION

When determining whether Petitioner's procedural due process rights have been violated, the Court must consider:

26cv1724 DMS BJW

three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

First, Petitioner "invokes the most significant liberty interest there is—the interest in being free from imprisonment." *Munoz Materano v. Arteta*, 804 F. Supp. 3d 395, 416 (S.D.N.Y. 2025) (citation modified) (citation omitted). Here, Petitioner was paroled when he was re-detained and, therefore, had a liberty interest. *See Noori v. LaRose*, 807 F. Supp. 3d 1146, 1164 (S.D. Cal. 2025) (finding the petitioner "has a private interest in remaining free, which developed over the year he resided in the United States"). This factor weighs in Petitioner's favor.

Next, there is a high risk of erroneous deprivation of this liberty interest when noncitizens are re-detained without a hearing. *See, e.g.*, *Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1089 (N.D. Cal. 2025) (citing cases). Here, Petitioner contends he was re-detained at a routine appointment with no notice and no individualized determination. Respondents do not contest Petitioner's allegations, beyond a generalized statement that Petitioner was present in the country "without being admitted or paroled." (Return 2.) The evidence says otherwise. The Department of Homeland Security noted on Petitioner's Form I-213 that ICE agents encountered Petitioner in the lobby of its Buffalo office during an in-person reporting appointment. (ECF No. 1-3, at 3.) The form also states that ICE agents notified Petitioner during this encounter that he was under arrest and would be detained. (*Id.*) Accordingly, based on this record, the Court finds Petitioner was re-detained without notice or an individualized determination. Further, Petitioner sought a bond hearing after being re-detained, which was denied on jurisdictional grounds. Thus, Petitioner remains detained having still received no process. Accordingly, the second

26cv1724 DMS BJW

factor—the risk of an erroneous deprivation of such interest through the procedures used—weighs in favor of Petitioner.

On the third factor, "[t]he government may have a 'strong interest' in detaining noncitizens during the pendency of removal proceedings as needed to protect the public from dangerous criminal aliens, or to prevent flight and thereby increase the chance that the aliens will be successfully removed." *Pablo Sequen*, 806 F. Supp. 3d at 1090 (citation modified) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022)). However, when the Government previously decided to release a noncitizen and there is no evidence of any changed circumstance that might have caused the Government to reconsider that decision, its interest in re-detention is low. *Doe v. Chestnut*, No. 25-cv-01372, 2025 WL 3295154, at *10 (E.D. Cal. Nov. 26, 2025) (citations omitted). Here, Petitioner contends that he has no criminal record and has not violated any of the conditions of his supervised release. Respondents do not state otherwise and provide no evidence to the contrary. "While the government has an interest in enforcing immigration laws . . . it must pursue that interest 'in a manner consistent with the Constitution.'" *Munoz Materano*, 804 F. Supp. 3d at 420 (citation omitted). Thus, this factor also weighs in Petitioner's favor. Applying the *Mathews* balancing test, the Court finds that Petitioner's detention violates his due process rights. Accordingly, the Petition is **GRANTED**. The Court **ORDERS** Petitioner's immediate release.[1] Because the Court is ordering Petitioner's release, Petitioner's TRO motion is **DENIED** as moot.

## IV.    CONCLUSION

Based on the foregoing, the Court **GRANTS** the Petition and **DENIES** the TRO Motion as moot. Respondents shall release Petitioner within **24 hours**, and shall not re-detain Petitioner without first providing a pre-deprivation hearing before a neutral decisionmaker at which Respondents must prove that changed circumstances related to

---

[1] In light of this determination, the Court declines to consider Petitioner's other claims for relief.

26cv1724 DMS BJW

flight risk or danger warrant Petitioner's re-detention.   Respondents are further **ORDERED** to file a Status Report within **seven (7) days** of the entry of this Order, confirming Petitioner has been released.

      **IT IS SO ORDERED.**

Dated:  April 24, 2026

_____
Hon. Dana M. Sabraw
United States District Judge

26cv1724 DMS BJW